UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-13100-RWZ

DANA TATE

v.

ROBERT J. GALIBOIS

MEMORANDUM AND ORDER

January 14, 2014

ZOBEL, D.J.

For the reasons stated below, the Court directs the plaintiff to show cause why
this action should not be dismissed for lack of subject matter jurisdiction.

I.      **Background**

On December 4, 2013, state inmate Dana Tate filed a self-prepared complaint
against his former retained defense attorney, Robert J. Galibois.  The plaintiff
represents that he is currently serving a seven to nine year prison sentence.

Tate alleges that Galibois failed in the professional duties owed to him in the
course of criminal proceedings that apparently took place in Massachusetts.  More
specifically, the plaintiff alleges that (1) more than $2,000 confiscated from the plaintiff
was not returned to him, despite Galibois's assurances that he would receive the
money; (2) Galibois deceived the plaintiff by telling him that he would receive a two-and-
a-half year sentence in exchange for waiving a jury trial; and (3) Galibois otherwise
failed to provided services as promised.  In the title of the complaint, Tate characterizes
this action as one under 42 U.S.C. § 1983 ("§ 1983") for legal malpractice, breach of
contract, and "deception."  Tate does not identify the basis of the Court's jurisdiction.

After the Court denied without prejudice the plaintiff's motion for leave to proceed
in forma pauperis, he paid the $400 filing fee.  Tate also filed motions for appointment of

counsel, the issuance of summons, and leave to complete service by regular mail.

## II.   Discussion

### A.   Screening of the Complaint

A court has an obligation to inquire <u>sua</u> <u>sponte</u> into its own subject matter jurisdiction.  <u>See</u> <u>McCulloch v. Velez</u>, 364 F.3d 1, 5 (1st Cir. 2004).  Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'"  <u>Fafel v. Dipaola</u>, 399 F.3d 403, 410 (1st Cir. 2005) (quoting <u>Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 702 (1982)).  Federal district courts may exercise jurisdiction over civil actions arising under federal laws, <u>see</u> 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are domiciled in different states and the amount in controversy exceeds $75,000, <u>see</u> 28 U.S.C. § 1332 ("§ 1332").  "The existence of subject-matter jurisdiction 'is never presumed.'" <u>Fafel</u>, 399 F.3d at 410 (quoting <u>Viqueira v. First Bank</u>, 140 F.3d 12, 16 (1st Cir. 1998)).  Rather, federal courts "must satisfy themselves that subject-matter jurisdiction has been established."  <u>Id.</u>  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Court cannot discern a basis for subject matter jurisdiction.  Although Tate invokes § 1983, he has not stated a claim for relief under this statute.  A § 1983 violation occurs when an official acting <u>under color of state law</u> acts to deprive an individual of a federally protected right."  <u>Perez-Acevedo v. Rivero-Cubano</u>, 520 F.3d 26, 29 (1st Cir. 2008) (emphasis added); <u>see also</u> 42 U.S.C. § 1983.[1]  Section 1983

---

[1]This statute provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be

ordinarily does not create a right of action against private parties, including criminal
defense attorneys.  See Polk County v. Dodson, 454 U.S. 312 (1981) (even public
defender "performing a lawyer's traditional functions as counsel to a defendant in a
criminal proceeding" is not acting under color of state law).  Although private conduct
may be deemed to be "under color of state law" when it is "fairly attributable" to the
state.  Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982), nothing in the
complaint suggests that Galibois's alleged misconduct can be attributed to the state.
Therefore, he has failed to state a claim under § 1983.

Tate does not identify, and the Court cannot discern, a cause of action under any
other federal law.  In the absence of any viable claim under federal law, subject matter
jurisdiction does not exist under § 1331.  Legal malpractice, breach of contract, and
fraud are state law claims.  Diversity subject matter jurisdiction under § 1332 does not
appear to exist either, as the Court cannot reasonably infer from the complaint that Tate
and Galibois are domiciled in different states.

### B.    Motion for Appointment of Counsel

Although the Court "may request an attorney to represent any person unable to
afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free
counsel, see DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  The Court does not
have the funds to pay attorneys to represent plaintiffs in civil cases, and it is very difficult
for the Court to find attorneys who will accept appointment as pro bono counsel.  To

---

liable to the party injured in an action at law, suit in equity, or other proper
proceeding for redress, except that in any action brought against a judicial
officer for an act or omission taken in such officer's judicial capacity,
injunctive relief shall not be granted unless a declaratory decree was
violated or declaratory relief was unavailable. For the purposes of this
section, any Act of Congress applicable exclusively to the District of
Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  See DesRosiers, 949 F.2d at 23.  Because the plaintiff has failed to state a claim over which this Court has  jurisdiction, exceptional circumstances that would justify the appointment of counsel for a proceeding in this Court do not exist.  The motion for appointment of counsel is denied.

### C.    Motion for Issuance of Summons/Service

Tate asks that summons issue and that he be allowed to complete service by mail.  In light of the lack of subject matter jurisdiction, the motion is denied.  The Court also notes that service on a private individual by regular mail is not permitted under Rule 4 of the Federal Rules of Civil Procedure.

## III.    Conclusion

Accordingly:

(1)    The plaintiff is directed to show cause, within forty-two (42) days of the date of this order, why this action should not be dismissed for lack of subject matter jurisdiction.  Failure to comply with this order will result in dismissal of this action.

(2)    The motion for appointment of counsel (#3) is DENIED.

(3)    This motion for summons and service by regular mail (#4) is DENIED.


SO ORDERED.

 1/14/2014_____                    /s/ Rya W. Zobel_____
DATE                                  RYA W. ZOBEL
                                      UNITED STATES DISTRICT JUDGE

4